# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02:11-cr-00134 |
| | ) | |
| THOMAS D. TUKA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is DEFENDANT'S MOTION TO DISMISS COUNT FOUR OF THE INDICTMENT WITH CITATION TO AUTHORITY (Document No. 26) filed by Thomas D. Tuka ("Defendant"). The government has filed a response in opposition to the motion (Document No. 27), to which Defendant has filed a reply (Document No. 30). Accordingly, the motion is ripe for disposition.

Factual and Procedural Background

This case arose out of Defendant's alleged failure to pay federal income taxes or file a federal income tax return for the calendar years 2003-2008. On June 21, 2011, the grand jury returned a six-count indictment (Document No. 1) against Defendant, charging that he:

Count One: during the calendar year 2003, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year by failing to make an income tax return, failing to pay the income tax, receiving disability benefits without federal income tax withholdings, and causing vehicles he purchased to be titled in the name of a nominee trust, in violation of 26 U.S.C. § 7201;

1

Count Two: during the calendar year 2004, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year by failing to make an income tax return, failing to pay the income tax, receiving disability benefits without federal income tax withholdings, and falsely stating in a letter to the IRS that he did not make enough to require the filing of tax returns, in violation of 26 U.S.C § 7201;

Count Three: during the calendar year 2005, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year by failing to make an income tax return, failing to pay the income tax, receiving disability benefits without federal income tax withholdings, and instructing a company which processed his disability benefits not to withhold any taxes, in violation of 26 U.S.C. § 7201;

Count Four: during the calendar year 2006, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year by failing to make an income tax return, failing to pay the income tax, and receiving disability benefits without federal income tax withholdings, in violation of 26 U.S.C. § 7201;

Count Five: during the calendar year 2007, did willfully fail to make an income tax return, in violation of 26 U.S.C. § 7203; and

Count Six: during the calendar year 2008, did willfully fail to make an income tax return, in violation of 26 U.S.C. § 7203.

In the pending motion, Defendant argues that Count Four should be dismissed because neither his alleged failure to pay a tax deficiency nor his alleged receipt of disability benefits without federal income tax withholdings satisfies the affirmative act element of 26 U.S.C. § 7203. The government contends that Count Four is sufficient because, "under the facts of this

case, the jury may find the requisite affirmative act from the defendant's receipt of disability benefits without federal income tax withholding." Gov't Br. at 5.

Legal Analysis

Defendant seeks dismissal of Count Four of the Indictment pursuant to Fed. R. Crim. P. 12(b)(3). The United States Court of Appeals for the Third Circuit has set forth the relevant standard for evaluating the sufficiency of an indictment as follows:

> We deem an indictment sufficient so long as it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution. Moreover, no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.

*United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (citations and internal quotations omitted). In evaluating a motion to dismiss pursuant to Fed. R. Crim. P. 12(b)(3), courts must accept the factual allegations as true and consider the sufficiency of the indictment as a matter of law. *United States v. McGeehan*, 584 F.3d 560, 565 (3d Cir. 2009). "The sufficiency of an indictment may be challenged not only on the basis that it fails to charge the essential elements of the statutory offense, but also on the ground that "the specific facts alleged . . . fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *Id.*

Furthermore, it is well-settled that "each count of an indictment is separate and must stand on its own." *U.S. v. Olatunji*, 872 F.2d 1161, 1166 (3d Cir. 1989); *accord United States v. Fulcher*, 626 F.2d 985, 988 (D.C. Cir. 1980) (explaining that "[e]ach count must stand on its own, and cannot depend for its validity on the allegations of any other count not specifically

incorporated"). One count of an indictment may, however, incorporate by reference an allegation set forth in another count. *See* Fed. R. Crim. P. 7(c)(1).

Count Four purports to charge a violation of 26 U.S.C. § 7201, which provides:

> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

As our appellate court has explained, there are three elements to the felony of attempted tax evasion under § 7201: "1) the existence of a tax deficiency, 2) an affirmative act constituting an attempt to evade or defeat payment of the tax, and 3) willfulness." *United States v. McGill*, 964 F.2d 222, 229 (3d Cir. 1992) (citing *Sansone v. United States*, 380 U.S. 343, 351 (1965)). An affirmative act is "anything done to mislead the government or conceal funds to avoid payment of an admitted and accurate deficiency." *Id.* Simply failing to pay taxes owing to the government, however, does not constitute an affirmative act. *Id.* at 231. Importantly, an indictment which fails to allege an affirmative act to mislead or conceal is defective as a matter of law. *United States v. Williams*, 928 F.2d 145, 149 (5th Cir. 1991).

There is no dispute that Count Four sufficiently alleges the existence of a tax deficiency, as well as willfulness on the part of Defendant. Thus, the only issue is whether "receiving disability benefits without federal income tax withholdings" satisfies the affirmative act element of § 7201. The Court finds that, standing alone, it does not.

The government argues that Defendant's alleged receipt of disability benefits in 2006 without income tax withholdings is an affirmative act for the purpose of § 7201 because Defendant "caused this to occur for the purpose of 'covering up sources of income' and [it] constituted 'conduct, the likely effect of which would be to mislead or conceal.'" Gov't Br. at 6

(quoting *Spies v. United States*, 317 U.S. 492, 499 (1943)).  According to the government, the allegation in Count Three that Defendant "instruct[ed] a company which processed his disability benefits not to withhold any taxes" is indistinguishable from the act of filing a false W-4 Form, which constitutes an affirmative act for the purpose of § 7201.  *See United States v. Connor*, 898 F.2d 942, 945 (3d Cir. 1990).  Further, the government relies on a number of cases from outside of the Third Circuit in which courts have held that the filing of a false W-4 Form satisfies the affirmative act requirement not only in the year in which the W-4 was filed, but also in subsequent years in which the form is maintained on file.  *See, e.g., Williams*, 928 F.2d at 148-49 (holding that defendant's "maintaining of record" a false W-4 form with his employer satisfied the affirmative act element); *United States v. King*, 126 F.3d 987, 992 (7th Cir. 1997) (holding that "the act of filing and maintaining on file a false form W-4 carries over to future years . . ."); *see also United States v. Copeland*, 786 F.2d 768, 770 (7th Cir. 1985) (explaining that "[w]here a taxpayer has willfully failed to file a tax return in violation of [26 U.S.C] § 7203, a prior, concomitant or subsequent false statement may elevate the § 7203 misdemeanor to the level of a § 7201 felony").

The Court recognizes the similarity between Defendant's alleged conduct, as described in Count Three, and the act of filing a false W-4 Form.  It further recognizes that, as the Fifth Circuit Court of Appeals has explained, a defendant who files an inaccurate withholding form has a "continual obligation to correct his intentional misrepresentations," the failure of which may constitute an affirmative act for subsequent tax years.  *Williams*, 928 at 149.  However, such an allegation does not appear in Count Four.  Count Four does not allege that Defendant "maintain[ed] of record" an inaccurate withholding document with the disability-benefit provider, as was the case in *Williams* and *King*, or otherwise directed the provider to continue not

5

to withhold income tax. Nor does it incorporate by reference the allegation that Defendant instructed the company not to withhold any taxes, which appears only in Count Three and relates only to 2005. Instead, Count Four merely charges that the defendant "received disability benefits without federal income tax withholdings." Although the government does contend in its brief that Defendant "caused this to occur" in order to conceal income, such statement cannot inform the Court's reading of Count Four. *See United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007) (concluding that the "sufficiency of the indictment should be decided based on the facts alleged within the four corners of the indictment").

Therefore, Count Four, read without regard to the rest of the Indictment, cannot stand on its own, as it does not allege an affirmatively evasive act. *See McGill*, 964 F.2d at 231 (concluding "[o]nly affirmatively evasive acts – acts intending to conceal – are punishable under § 7201"). Defendant's Motion to Dismiss will be **GRANTED**, and Count Four will be **DISMISSED**.

An appropriate order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 02:11-cr-00134 |
| ) | |
| THOMAS D. TUKA, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF COURT

**AND NOW**, this 19th day of March, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that DEFENDANT'S MOTION TO DISMISS COUNT FOUR OF THE INDICTMENT WITH CITATION TO AUTHORITY is **GRANTED**.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Leo M. Dillon
Leo.Dillon@usdoj.gov

W. Penn Hackney
Penn_hackney@fd.org